AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 29 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 1: 17mj 627RHW |
| | ) | |
| Juan Antonio Martinez-Alonso | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 28, 2017_____ in the county of _____Jackson_____ in the

_____Southern_____ District of __MS, Southern Division__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a)(2) | Illegal Re-Entry by Removed Alien |

This criminal complaint is based on these facts:

See Affidavit, which is attached and incorporated by reference herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

Todd H. Holland, Border Patrol Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: _____11/29/2017_____

_____
Judge's signature

City and state: _____Gulfport, MS_____

Robert H. Walker, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

STATE OF MISSISSIPPI                         )
COUNTY OF HARRISON                      :
SOUTHERN DISTRICT OF MISSISSIPPI  )

I, Todd H. Holland, being first duly sworn, hereby depose and say that:

1. I am a Border Patrol Agent of the United States Border Patrol, currently located at 10400 Larkin Smith Drive, Gulfport, MS.  I have been a Border Patrol Agent since February 21, 2008.  As part of my official duties as a Border Patrol Agent, I am assigned to investigate violations of the immigration laws as well as other statutes.

2. On 11/28/2017, I was assigned to the South Mississippi Metro Enforcement Team (SMMET) as a criminal interdiction agent.  At approximately 0845, as I was leaving the Gulfport (MS) Border Patrol Station, I received a phone call from SMMET Agent Ben McQuagge with the Gautier (MS) Police Department.  Agent McQuagge told me that he had a Black 2003 Dodge Ram vehicle (SC LP: JJH689) stopped on Interstate-10 eastbound at Mile Marker 58 (MM58E) for a traffic violation i.e., speeding (64 in a 60 mph construction zone while construction workers were working) and that he suspected that there was a human smuggling case taking place.  I told him that I would respond to the scene, and I arrived at MM58E in Gautier, MS, approximately fifteen minutes later.  When I arrived on scene, Agent McQuagge handed me six Mexican identification cards and the driver's Mexican passport.  The driver was later identified as Luis Enrique MORAN-VARGAZ, a citizen of Mexico.

3. I spoke with MORAN-VARGAZ and identified myself as a SMMET agent and asked from where he was traveling and to where he was going.  MORAN-VARGAZ stated that he was coming from New Orleans, LA, and was headed to Greenville, SC.  MORAN-VARGAZ later admitted that he was coming from San Antonio, TX.  I asked MORAN-VARGAZ if he knew the occupants of the vehicle.  MORAN-VARGAZ gave me the first names of the passengers.  I asked how long he had known them, and MORAN-VARGAZ told me that he had known them for approximately one year. I then asked for their last names since he had known them for a year.  MORAN-VARGAZ admitted that he did not know them.  I then asked if he knew that the occupants were in the United States illegally, and MORAN-VARGAZ admitted that they were in the United States illegally.  I informed MORAN-VARGAZ that I was also a United States Border Patrol Agent.  I questioned MORAN-VARGAZ as to his citizenship.  MORAN-VARGAZ told me that he was a citizen and national of Mexico who did not possess the proper documents to be in or remain in the United States legally.  I placed MORAN-VARGAZ under arrest for alien smuggling (8 USC 1324) and being present in the United States illegally (8 USC 1325.)

4. I approached the six occupants of the vehicle and noticed that they were crammed into the vehicle and that there was no luggage in the vehicle.  The truck only lawfully seats five people, so not all the subjects had access to seatbelts.  The occupants of the vehicle appeared to be wearing clothes as if they had recently crossed the Southwest Border.  I identified myself as a United States Border Patrol Agent and questioned each of the following passengers (five males, including a juvenile, and one adult female) regarding their citizenships:  Edgardo QUINTAS-Velasco (citizen of Mexico); Juan Antonio MARTINEZ-Alonso (citizen of Mexico); Enrique MARTINEZ-Alonso (citizen of Mexico); Maximo QUINTAS-Velasco (citizen of Mexico); a juvenile male (citizen of

Mexico): and Vianey CORTES-HIPOLITO (citizen of Mexico).  All subjects admitted to being citizens and nationals of Mexico who were in the United States illegally, and none of them had immigration documents to be or remain in the United States legally.  I placed these six subjects under arrest for being present in the United States illegally (8 USC 1325).

5.  All Subjects were transported to the Gulfport, Mississippi Border Patrol Station for processing. MORAN-VARGAZ'S Dodge Ram was towed by Doug's Wrecker Service to their station for storage.

6.  Juan Antonio MARTINEZ-ALONSO was read his Miranda Warning Rights in Spanish. MARTINEZ-ALONSO waived his Miranda rights and signed a Miranda Rights Waiver Form printed in Spanish.  MARTINEZ-ALONSO also agreed to an interview which was conducted in Spanish and recorded by video.  MARTINEZ-ALONSO stated that he paid thirty dollars to cross the border near Laredo, TX on 11/23/2017.  MARTINEZ-ALONSO also said that he paid $2300 to be transported to Houston and then to Atlanta, GA.

7.  MARTINEZ-ALONSO was positively identified through Department of Homeland Security record checks including fingerprints and photographs.  Record checks revealed that a Department of Homeland Security (DHS) official removal order regarding MARTINEZ-ALONSO was issued on or about March 11, 2016, and that MARTINEZ-ALONSO was physically removed from the United States pursuant to that order on March 11, 2016, from McAllen, Texas.  Further, DHS records document that MARTINEZ-ALONSO again illegally re-entered the United States and his order of removal was reinstated on or about October 22, 2016.  MARTINEZ-ALONSO physically was removed from the United States on 12/06/2016, from El Paso, Texas.  Finally, it also was determined that MARTINEZ-ALONSO had not received permission from the Attorney General of the United States or from the Secretary of Homeland Security prior to re-entering the United States.

8.  WHEREFORE, there is probable cause that the defendant, Juan Antonio MARTINEZ-ALONSO, is in violation of Title 8, United States Code, Section 1326 – Unlawful Reentry by an Alien After Deportation, and your affiant prays that a warrant be issued for the arrest of the above named individual.

TODD H. HOLLAND
Border Patrol Agent
United States Border Patrol

Sworn to and subscribed before me this,
the 29th day of November, 2017

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE